**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Holly Jarvis,

                                        Plaintiff,

        v.                                              5:26-CV-849
                                                        (LEK/MJK)

Derek Montressor *et. al.*,

                                        Defendant.

Holly Jarvis, Plaintiff *pro se*

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Lawrence E. Kahn, Senior U.S. District Judge:

## ORDER & REPORT-RECOMMENDATION

On April 28, 2026, Jarvis began this action by filing a Complaint and moving for leave to proceed *in forma pauperis* ("*IFP*") (Dkts. 1, 2). The Clerk sent Jarvis's Complaint and *IFP* application to this Court for review. (Dkts. 1, 2).

## I.      BACKGROUND

### A. Facts

"On November 25th, 2023, Jarvis" was at the Funny Bone Comedy Club. (849 Complaint, Dkt. 1, at ¶11). While there, "security personnel approached [Jarvis's] table, stood over her [in an] intimidating manner,

1

and ordered [Jarvis] and her son to leave." (*Id.* at ¶14). Jarvis "and her son complied and began exiting the venue without resistance." (*Id.* at ¶15). "While exiting, security personnel followed [Jarvis and her son] in a threatening and harassing manner." (*Id.* at ¶16).

"Without meaningful warning, officers of the Syracuse Police Department arrived on scene." (*Id.* at ¶19). "Officers immediately escalated the situation rather than deescalating it." (*Id.* at ¶20). Jarvis saw "multiple laser targeting devices, including red and green dots directed at her son." (*Id.* at ¶21). "Moments later, [Jarvis's] son was forcefully taken to the ground." (*Id.* at ¶22). Jarvis then began sprinting toward him. (*Id.* at ¶23).

Seeing her run, "Defendant Officer Derek Montressor" grabbed Jarvis even though she "repeatedly [told] him to keep his hands off her." (*Id.* at ¶24). Montresor then "forcefully threw" Jarvis into the ground "face first." (*Id.* at ¶26). "While [Jarvis] was on the ground, . . . Montresor drove his knee into [her] back and forearm. (*Id.* at ¶27)."Defendants [Matthew] Malinowski, [Darrel] West, [Michael] DeSilva, [Montserrat] Garcia, and Goldberg were . . . in close proximity during the use of force." (*Id.* at ¶29). They saw the incident "and had a

realistic opportunity to intervene. The use of force was not instantaneous and lasted long enough for intervention." (*Id.* at ¶31).

After the incident, Jarvis "was placed into a police vehicle and detained." (*Id.* at ¶34). Jarvis "was released the same day," and the charges "were ultimately dropped." (*Id.* at ¶35-36).

"Following the incident, [Jarvis] sought medical attention at an emergency room, where X-rays were taken." (*Id.* at ¶37). She "suffered physical pain, emotional distress, and ongoing harm as a result of Defendants' actions." (*Id.* at ¶38).

### B. Procedural History

On February 19, 2025, Defendants in *Jarvis v. City of Syracuse Police Dep't*, 25-CV-228—City of Syracuse Police Department, Officer Derek Montressor, Officer Matthew Malinowski, Officer Darrel West, Michael DeSilva, Montserrat Garcia, and Officer Goldberg—removed that case from state court to this Court. (25-CV-228, Dkt. 1). Jarvis then amended the 25-CV-228 State Court Complaint. (25-CV-228, Dkt. 2). Defendants answered that Amended Complaint. (25-CV-228, Dkt. 6). Jarvis then amended the Amended Complaint. (25-CV-228, Dkt. 16). Later, Defendants, under Federal Rule of Civil Procedure 12(b)(6),

moved to dismiss Jarvis's Amended Complaint. (25-CV-228, Dkt. 32).

Jarvis responded, filed a sur-reply, and filed a Second Amended

Complaint. (25-CV-228, Dkts. 36, 41, 44). The District Court granted

the motion to dismiss and struck the Second Amended Complaint. (Dkt.

45, 47).

Before granting the motion to dismiss in 25-CV-228, the District

Court recounted the facts of the Complaint. This Court reproduces it, in

full, here:

> "On or about November 25, 2023, Plaintiff and her son
> William Kerr attended a show at the Funny Bone Comedy
> Club located at Destiny USA in Syracuse, NY." SAC ¶1.
> During or following the show, security and then Syracuse
> Police interacted with Plaintiff and Kerr. *See id.* ¶2. "Officers
> followed Plaintiff and her son throughout the mall in an
> intimidating and hostile manner before initiating police
> involvement." *Id.* ¶7. Defendant officers "participated in
> wrongful and unjustified actions that led to Plaintiff being
> physically injured and her son being humiliated and
> traumatized." *Id.* ¶3. Specifically, "Officer Derek Montressor
> physically took Plaintiff down," assisted by another unknown
> officer. *Id* ¶4–5. The other Defendant officers "stood by and
> failed to intervene, despite witnessing Officer Montressor's
> unjustified use of force." *Id* ¶6.
>
> Montressor caused "injuries that required Plaintiff to be
> transported to the hospital for x-rays and caused long-term
> physical pain." *Id.* ¶4. "Although she did not continue
> treatment, she suffered pain and limitations for several
> months." *Id.* ¶6. Additionally, she "has suffered and continues
> to suffer emotional distress, public humiliation, financial
> hardship, and long-term damage to her reputation." *Id.* ¶10.

4

Plaintiff and Kerr "were issued a lifetime trespass ban from Destiny USA." *Id.* ¶8 .

Finally, Plaintiff alleges "Defendants failed to secure and preserve surveillance video from Destiny USA and the Funny Bone, despite being aware that such video could prove Plaintiff and her son's innocence." *Id.* ¶5. Plaintiff's attorney requested video footage, but it was never produced by the Syracuse Police Department. *Id.* ¶9 .

*Jarvis v. City of Syracuse Police Dep't*, No. 25-CV-228 (LEK/MJK), 2026 WL 875375, at *1-2 (N.D.N.Y. Mar. 31, 2026) (no alterations). The District Court also identified that Jarvis raised a Fourth Amendment Excessive Force claim, Civil Conspiracy to Deprive Rights claim, and a Failure to intervene claim. *Id.* at *1, 3-4.

In the decision granting the Defendants' motion to dismiss in 25-CV-228, the District Court specifically rejected Jarvis's motion to amend her Second Amended Complaint. When doing so, the District Court noted that Jarvis and

"her son have brought multiple lawsuits regarding the same underlying set of facts. *See Jarvis v. Funny Bone Comedy Club*, No. 5:25-CV-645 (LEK/MJK), 2025 WL 1532695, at *2 (N.D.N.Y. May 28, 2025), *report and recommendation adopted*, No. 5:25-CV-645 (LEK/MJK), 2025 WL 3653544 (N.D.N.Y. Dec. 17, 2025); *Kerr v. Syracuse Police Dep't*, No. 5:25-CV-1647 (LEK/MJK), 2025 WL 3704437, at *1–2 (N.D.N.Y. Dec. 19, 2025); *Kerr v. Funny Bone Comedy Club*, No. 25-CV-01648 (N.D.N.Y. filed Nov. 24, 2025). The plaintiff has also filed multiple other lawsuits regarding the Syracuse Police Department. *See, e.g., Jarvis v. Wagner*, No. 5:25-CV-

5

647 (BKS/PJE), 2026 WL 206050, at *3 (N.D.N.Y. Jan. 27, 2026), *report and recommendation adopted in part, rejected in part*, No. 5:25-CV-00647 (BKS/PJE), 2026 WL 440524 (N.D.N.Y. Feb. 17, 2026); *Jarvis v. Knapp*, No. 5:25-CV-1167 (MAD/MJK), 2025 WL 2926959, at *1 (N.D.N.Y. Oct. 15, 2025), *report and recommendation adopted*, No. 5:25-CV-1167 (MAD/MJK), 2025 WL 3525789 (N.D.N.Y. Dec. 9, 2025); *Jarvis v. Citizen Rev. Bd. of the City of Syracuse*, No. 5:25-CV-1169 (AMN/PJE), 2026 WL 249404, at *3 (N.D.N.Y. Jan. 30, 2026), *report and recommendation adopted sub nom.*, *Jarvis v. Citizen Rev. Bd. of City of Syracuse*, No. 5:25-CV-01169 (AMN/PJE), 2026 WL 488535 (N.D.N.Y. Feb. 20, 2026) . . . Given the vexatiousness with which Plaintiff has litigated this incident, and others, and the likely futility of any amendments she will make, the Court declines to grant leave to amend."

*Jarvis*, 2026 WL 875375, at *5. The District Court then dismissed the 228 Complaint without prejudice. *Id.* at *6. Jarvis did not appeal that decision. *See generally* (25-CV-228, Dkt.). Nearly a month after the decision, Jarvis filed this Complaint. (849 Complaint, Dkt. 1). In this lawsuit, Jarvis sues the same Defendants—Montressor, Malinowski, West, DeSilva, Garcia, and Goldberg—alleging the same claims. *Compare id. with Jarvis*, 2026 WL 875375, at *1-5.

## II.    STANDARD OF REVIEW

Because Jarvis is intimately familiar with the 28 U.S.C. §1915 standard of review, the Court does not recite it. *See Jarvis*, 2026 WL

875375, at *1-5 (collecting cases that recites the 28 U.S.C. §1915

standard of review to Jarvis).

## III.  *IFP* APPLICATION

Jarvis declares in her *IFP* applications that she is unable to pay

the filing fee. (Dkt. 2). After reviewing her application, this Court finds

that Jarvis is financially eligible for *IFP* status.

## IV.  DISCUSSION

**Jarvis's 849 Complaint is an end-run around the District Court's decision denying Jarvis's motion to amend in 25-CV-228.**

Law of the case principles counsel dismissing Jarvis's 849

Complaint. When a court has ruled on an issue, that decision is binding

unless there are compelling reasons to revisit that decision. Here, the

District Court has already ruled on the issues Jarvis now raises; there

is no reason—let alone a compelling reason—to revisit that decision. As

a result, this Court recommends the District Court dismiss Jarvis's 849

Complaint.

"When a court has ruled on an issue, that decision should

generally be adhered to by the court in subsequent stages unless cogent

and compelling reasons militate otherwise." *Rodriguez v. Westchester*

7

*Cnty.*, No. 23-CV-5265, 2025 WL 1031371, at *2 (S.D.N.Y. Apr. 7, 2025) (cleaned up) (citing *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). "Reasons to depart from the law of the case and reconsider an issue may include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Network Apps, LLC v. AT&T Mobility LLC*, 778 F. Supp. 3d 610, 619 (S.D.N.Y. 2025) (cleaned up) (citing *United States v. Tenzer*, 213 F. 3d 34, 39 (2d. Cir. 2000)). Indeed, "following the resolution of a motion to dismiss, the mere filing of an amended complaint does not entitle a plaintiff to relitigate their claims absent new factual allegations." *Network Apps, LLC*, 778 F. supp. 3d at 619 (cleaned up). "Accordingly, courts must examine an amended complaint following the resolution of a motion to dismiss and apply the law of the case doctrine to recurring issues that do not involve new factual allegations." *Id.* at 620 (cleaned up).

Applying those principles here, Jarvis's 849 Complaint should not be allowed to proceed. Jarvis's 849 Complaint is a carbon copy of her 228 Complaint. *Compare* (849 Complaint, Dkt. 1). *with Jarvis*, 2026 WL 875375, at *1-5. In fact, the 849 Complaint "offer[s] no new allegations

that would serve as a cogent and compelling basis for the Court to deviate from its prior ruling dismissing Plaintiff's Section 1983 claims in its entirety." *Rodriguez*, 2025 WL 1031371, at \*3 (dismissing the *pro se* plaintiff's *Amended* Complaint under law of the case doctrine). While there are subtle differences in how the events are described, there is no doubt that the events are exactly the same, no matter how they are rewritten. These differences provide no basis for Jarvis to argue that the 849 Complaint is "different" from the 228 Complaint in any legally meaningful way. Jarvis's 849 Complaint is an end-run around the Court's decision denying Jarvis's motion to amend her complaint. *See Jarvis*, 2026 WL 875375, at \*5-6. In consequence, the District Court should dismiss Jarvis's 849 Complaint *with prejudice* and *without leave to amend.*

## V.   CONCLUSION

**WHEREFORE**, for the reasons stated above, this Court **RECOMMENDS**

> 1. dismissal of the 26-CV-849 Complaint (Dkt. 1) under law of the case principles; and it is

**ORDERED** that

> 1. Jarvis's *IFP* motion (Dkt. 2) be granted;

2. the Clerk provide Jarvis with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (*per curiam*); and the Court

**REMINDS THE PARTIES**

that in accordance with 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Weilburg v. Fitzgerald*, No. 25-976-CV, 2026 WL 948316, at *2 (2d Cir. Apr. 8, 2026) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72.

Dated: June 17, 2026

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

10

2026 WL 875375
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Holly JARVIS, Plaintiff,

v.

CITY OF SYRACUSE POLICE DEPARTMENT, et al., Defendants.

5:25-CV-228 (LEK/MJK)
|
Signed March 31, 2026

**Attorneys and Law Firms**

Holly Jarvis, Syracuse, NY, Pro Se.

Todd M. Long, City of Syracuse Law Department, Syracuse, NY, Connor J. Simonetta, City of Syracuse Corporation Counsel, Syracuse, NY, for Defendants City of Syracuse Police Department, Officer Derek Montressor, Matthew Malinowski, Darrel West, Michael Dasilva, Montserrat Garcia, Officer Goldberg.

**MEMORANDUM-DECISION AND ORDER**

LAWRENCE E. KAHN, United States District Judge

**I. INTRODUCTION**

**\*1** On July 31, 2024, Plaintiff Holly Jarvis filed a civil action in the New York Supreme Court County of Onondaga against the City of Syracuse Police Department, Derek Montressor, Matthew Malinowski, Darrel West, Michael DaSilva, Montserrat Garcia, Officer Goldberg, PO Jason Duel, and PO Philip Philbrick. Dkt. No. 1 at 1–2. All Defendants but Duel and Philbrick (collectively, "Defendants") removed the action to the Northern District of New York. *Id.* at 1. On March 31, 2025, Plaintiff filed a second amended complaint, Dkt No. 16 ("Second Amended Complaint" or "SAC"). The Second Amended Complaint did not name PO Jason Duel and PO Philip Philbrick as Defendants, and they were terminated from the docket. Dkt. No. 20; *see generally* SAC. Defendants then filed an answer to the Second Amended Complaint. Dkt. No. 21. Plaintiff filed a motion to proceed *in forma pauperis*, Dkt. No. 17 ("IFP Petition"), which was granted by this Court, Dkt. No. 19.

Plaintiff brings six causes of action against Defendants: (1) Violation of Fourth and Fourteenth Amendments (42 U.S.C. § 1983); (2) Use of Excessive Force; (3) Civil Conspiracy to Deprive Rights; (4) Negligent and Malicious Misrepresentation; (5) Infliction of Emotional Distress; (6) Failure to Intervene. SAC at 2.

On August 12, 2025, Defendants filed a motion for judgement on the pleadings. Dkt. No. 32 ("Motion"), to which Plaintiff filed a response. Dkt. No. 36 ("Response"). Defendants replied, Dkt. No. 39 ("Reply"), and Plaintiff filed a Sur-Reply. Dkt. No. 41 ("Sur-Reply").

Plaintiff also filed a Motion for Sanctions, Dkt. No. 37 ("Sanctions Motion"), and a Motion for Leave to Amend, Dkt. No. 46. ("Motion to Amend"). For the sake of judicial efficiency, the Court will address all three Motions together.

For the reasons that follow, Defendant's Motion is granted, and Plaintiff's Sanctions Motion and Motion for Leave to Amend are denied.

## II. BACKGROUND

The following facts are set forth as alleged in the Second Amended Complaint.

"On or about November 25, 2023, Plaintiff and her son William Kerr attended a show at the Funny Bone Comedy Club located at Destiny USA in Syracuse, NY." SAC ¶1. During or following the show, security and then Syracuse Police interacted with Plaintiff and Kerr. *See id.* ¶2. "Officers followed Plaintiff and her son throughout the mall in an intimidating and hostile manner before initiating police involvement." *Id.* ¶7. Defendant officers "participated in wrongful and unjustified actions that led to Plaintiff being physically injured and her son being humiliated and traumatized." *Id.* ¶3. Specifically, "Officer Derek Montressor physically took Plaintiff down," assisted by another unknown officer. *Id* ¶4–5. The other Defendant officers "stood by and failed to intervene, despite witnessing Officer Montressor's unjustified use of force." *Id* ¶6.

Montressor caused "injuries that required Plaintiff to be transported to the hospital for x-rays and caused long-term physical pain." *Id.* ¶4. "Although she did not continue treatment, she suffered pain and limitations for several months." *Id.* ¶6. Additionally, she "has suffered and continues to suffer emotional distress, public humiliation, financial hardship, and long-term damage to her reputation." *Id.* ¶10. Plaintiff and Kerr "were issued a lifetime trespass ban from Destiny USA." *Id.* ¶8.

 **\*2**  Finally, Plaintiff alleges "Defendants failed to secure and preserve surveillance video from Destiny USA and the Funny Bone, despite being aware that such video could prove Plaintiff and her son's innocence." *Id.* ¶5. Plaintiff's attorney requested video footage, but it was never produced by the Syracuse Police Department. *Id.* ¶9.

## III. LEGAL STANDARD

The standard of review for a motion for judgment on the pleadings and that of a motion to dismiss are indistinguishable. *LaFaro v. N.Y. Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475(2d Cir. 2009) (citing *DeMuria v. Hawkes*, 328 F.3d 704, 706 n. 1 (2d Cir. 2003)). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore, a motion for judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(c)only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

Where, as here, a plaintiff proceeds pro se, the court must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (cleaned up). Nevertheless, "dismissal of a pro se complaint is ... appropriate where a plaintiff has clearly failed to meet the minimum pleading requirements." *Rahman v. Schriro*, 22 F.Supp.3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)). The Court's "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

When ruling on a Rule 12(c) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotations omitted). However,

for pro se plaintiffs, the Court *may* consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotations omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010), "factual allegations made by a pro se party in his papers opposing the motion," *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), and "documents that the plaintiff[ ] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). Finally, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

## IV. DISCUSSION

**\*3** Defendant moves to dismiss each of Plaintiff's claims. Mot. at 2. Each claim is discussed in turn.

### A. Federal Claims

#### 1. Excessive Force - 42 U.S.C. § 1983

Plaintiffs bringing a claim under 42 U.S.C. § 1983 "must allege '(1) that some person has deprived him of a federal right, and (2) that the person who deprived him of that right acted under color of state ... law." *Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 301 (N.D.N.Y. 2013) (quoting *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005)).

##### a. Fourth Amendment

Courts "review a plaintiff's excessive force claim under the Fourth Amendment Standard of objective reasonableness to assess whether an officer's conduct was appropriate in light of the facts and circumstances confronting him." *Cugini v. City of New York*, 941 F.3d 604, 608 (2d Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Doing so "requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2000).

Defendants argue that plaintiffs have not alleged facts demonstrating a plausible Fourth Amendment violation. Mot. at 5. Plaintiff, in a conclusory fashion, refers to "wrongful and unjustified actions that led to Plaintiff being physically injured," though the only description of the action that led to Plaintiff's injury is that "Officer Derek Montressor physically took Plaintiff down." SAC at *1*. [1] Defendants argue that the Second Amended Complaint is bereft of specific details that would allow the Court to infer that the takedown constituted excessive force. Mot. at 5. The Court agrees. A takedown down does not by itself necessarily constitute excessive force. *See Bongiorno v. Perilli*, 537 F.Supp.3d 367, 377–78 (N.D.N.Y. 2021) (finding that a takedown in which "[p]laintiff was slammed on his head" was not excessive). Therefore, a plaintiff would have to allege sufficient facts that would make this particular takedown unreasonable, and Plaintiff has not done so, since the Plaintiff has only included the fact of the takedown. *See* SAC at 1. This "unadorned, the-defendant-unlawfully-harmed-me accusation" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Plaintiff's section 1983 claim as it relates to the Fourth Amendment is therefore dismissed.

##### b. Fourteenth Amendment

Defendants argue that Plaintiff is required to bring her excessive force claims under the Fourth, and not Fourteenth Amendment substantive due process, that she fails to state a Fourteenth Amendment claim, and that "Defendants are entitled to qualified immunity." Mot. at 6–7.

This Court finds that Plaintiff's claims cannot be brought under the Fourteenth Amendment. If a plaintiff has been arrested, excessive force claims must be brought under the Fourth Amendment, not the Fourteenth. *Harding v. Gould*, 2024 WL 3742688, at * 5 (S.D.N.Y. Aug. 9, 2024). Plaintiff's Complaint does not specify that she was arrested. *See generally*, SAC. Her Response, however, plainly states that "she was unlawfully seized" and was handcuffed. Resp. at 1. Her Sur-Reply also refers plainly to an arrest. Sur-Reply at 2. Therefore, the Fourth, not the Fourteenth, Amendment, governs these claims., and Plaintiff's section 1983 claims as they relate to the Fourteenth Amendment are thusly dismissed.

#### 2. Civil Conspiracy to Deprive Rights

 **\*4**  "In order to state a claim for conspiracy under Section 1983, a plaintiff must allege: (1) an agreement between two or more actors (at least one a state actor); (2) to act in concert to cause an unconstitutional injury; and (3) an overt act done in furtherance of that agreement, causing damages." *Ocasio v. City of Canandaigua*, 513 F. Supp. 3d 310, 323 (W.D.N.Y. 2021) (citing *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002)). Defendants argue that Plaintiff fails to plead an unconstitutional injury. Mot. at 13–14. After carefully reviewing the parties' filings, the Court finds that Defendants are correct. As discussed above, plaintiff has not alleged an unconstitutional injury. *See supra* section IV(A)(1). Therefore, the civil conspiracy claim, which relies on such an injury, is dismissed.

#### 3. Failure to Intervene

With respect to a claim that defendants failed to intervene when other officers used excessive force, "a plaintiff must demonstrate that: (1) the defendant had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the defendant's position would have known that the plaintiff's constitutional rights were being violated; and (3) the defendant did not take reasonable steps to intervene." *Cornell v. Vill. of Clayton*, 691 F. Supp. 3d 608, 620 (N.D.N.Y. 2023). Plaintiff must also establish the presence of an "underlying constitutional violation." *Kayo v. Mertz*, 531 F.Supp.3d 774, 799 (S.D.N.Y. 2021). Defendants argue that Plaintiff has not pled a constitutional violation. Mot. at 20–22. The Court agrees. As discussed above, plaintiff has not pled facts establishing a constitutional violation. *See supra* section IV(A)(1). Thus, her failure to intervene claim is dismissed.

#### B. State Claims

As the Court has dismissed all federal claims, it exercises its discretion in dismissing the remaining state claims for want of subject matter jurisdiction. *See* U.S.C. § 1367 (stating that a district court "may decline to exercise supplemental jurisdiction over a claim ... if ... [it] has dismissed all claims over which it has original jurisdiction."). The Court is mindful that "in the usual case in which all federal-law claims are eliminated before trial," dismissal of claims for lack of subject matter jurisdiction is appropriate. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

### V. SANCTIONS

On August 26, 2025, Plaintiff filed a Motion for Sanctions against Defendants for spoilation of evidence. Sanctions Mot. The Court has reviewed the Sanctions Motion and finds no need for a response from Defendants. *Jefferson v. Taft Fridays 50*, No. 18CIV1578ATRWL, 2018 WL 2939034, at *3 (S.D.N.Y. Mar. 14, 2018) (a "[c]ourt d[oes] not need to wait for Defendant to respond to deny Plaintiff's motion for sanctions against Defendant.").

"Rule 37 governs situations where a party to a civil action fails to cooperate in discovery, and provides for the Court to issue sanctions against such a party." *Xstrata Canada Corp. v. Advanced Recycling Technology, Inc.*, No. 08-CV-1366, 2010 WL 1539722, at *2 (N.D.N.Y. Apr. 19, 2010) (citing Fed. R. Civ. P. 37). "However, the Second Circuit has consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders

willfully, in bad faith, or through fault." *Kesick v. Ulloa*, No. 10-CV-1248, 2012 WL 2873364, at *10 (N.D.N.Y. Jul. 12, 2012) (citing *Robertson v. Dowbenko*, 443 F. App'x. 659, 660 (2d Cir. 2011)) (internal quotation marks omitted). Dismissal may be imposed "only in extreme circumstances," and "usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods.*, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (upholding dismissal of complaint after failure "to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [the plaintiff] failed to provide adequate responses to [the defendant's] request"); *see also Matthews v. Sweeney*, No. 17-CV-503, 2024 WL 1558603, at *3 (N.D.N.Y. Apr. 10, 2024) ("This high bar is set because dismissal is considered a 'drastic remedy that should be imposed only in extreme circumstances.' ") (citing, *inter alia, Hull*, 845 F.2d at 1176).

 **\*5** Plaintiff argues that Defendants have failed to comply with Rule 37(e) of the Federal Rules of Civil Procedure, for their failure to retain video footage of the incident. Sanctions Mot. at 1. Under recent Second Circuit precedent, "to impose sanctions pursuant to Rule 37(e)(2), a district court or a jury must find, by a preponderance of the evidence, that a party acted with an 'intent to deprive' another party of the lost information." *Hoffer v. Tellone*, 128 F.4th 433, 435 (2d Cir. 2025). Plaintiff has not demonstrated an "intent to deprive," as Plaintiff has not shown that the footage ever existed, was ever in the possession of the Defendants, or was intentionally destroyed or lost by Defendants. *See generally*, Sanctions Mot. Particularly relevant is the fact that the security footage in question, if it exists, would likely have been possessed by the Funny Bone Comedy Club or Destiny USA, *see* SAC at 1–2. But the defendants in this case are police officers and the Syracuse Police Department. *See id.* Plaintiff has therefore fallen short of her burden of demonstrating that defendants intended to deprive plaintiff of information in their possession. The motion for sanctions is therefore denied.

### VI. MOTION TO AMEND

Plaintiff has asked the Court's permission to amend her complaint for a second time. Mot. to Amend at 1. Beyond the first amendment, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Notwithstanding the liberality of the general rule, 'it is within the sound discretion of the court whether to grant leave to amend.' " *Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 653 (S.D.N.Y. 2024) (quoting *John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). Acceptable reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court observes that Plaintiff and her son have brought multiple lawsuits regarding the same underlying set of facts. *See Jarvis v. Funny Bone Comedy Club*, No. 5:25-CV-645 (LEK/MJK), 2025 WL 1532695, at *2 (N.D.N.Y. May 28, 2025)*, report and recommendation adopted*, No. 5:25-CV-645 (LEK/MJK), 2025 WL 3653544 (N.D.N.Y. Dec. 17, 2025); *Kerr v. Syracuse Police Dep't*, No. 5:25-CV-1647 (LEK/MJK), 2025 WL 3704437, at *1–2 (N.D.N.Y. Dec. 19, 2025); *Kerr v. Funny Bone Comedy Club*, No. 25-CV-01648 (N.D.N.Y. filed Nov. 24, 2025). The plaintiff has also filed multiple other lawsuits regarding the Syracuse Police Department. *See, e.g.*, *Jarvis v. Wagner*, No. 5:25-CV-647 (BKS/PJE), 2026 WL 206050, at *3 (N.D.N.Y. Jan. 27, 2026)*, report and recommendation adopted in part, rejected in part*, No. 5:25-CV-00647 (BKS/PJE), 2026 WL 440524 (N.D.N.Y. Feb. 17, 2026); *Jarvis v. Knapp*, No. 5:25-CV-1167 (MAD/MJK), 2025 WL 2926959, at *1 (N.D.N.Y. Oct. 15, 2025), *report and recommendation adopted*, No. 5:25-CV-1167 (MAD/MJK), 2025 WL 3525789 (N.D.N.Y. Dec. 9, 2025); *Jarvis v. Citizen Rev. Bd. of the City of Syracuse*, No. 5:25-CV-1169 (AMN/PJE), 2026 WL 249404, at *3 (N.D.N.Y. Jan. 30, 2026), *report and recommendation adopted sub nom.*, *Jarvis v. Citizen Rev. Bd. of City of Syracuse*, No. 5:25-CV-01169 (AMN/PJE), 2026 WL 488535 (N.D.N.Y. Feb. 20, 2026). The Second Circuit has held that a party having "a history of vexatious litigation" is grounds to deny leave to amend. *Baiul v. NBC Sports, a division of NBCUniversal Media LLC*, 708 F. App'x 710, 714 (2d Cir. 2017). Given the vexatiousness with which Plaintiff has litigated this incident, and others, and the likely futility of any amendments she will make, the Court declines to grant leave to amend. *See* Mot. to Amend at 1 (noting that the Amended Complaint "merely corrects and consolidates existing allegations.").

## VII. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' motion to dismiss, Dkt. No. 32, is **GRANTED**; and it is further

 **\*6**  **ORDERED**, that Plaintiff's claims against defendants are **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's motion for sanctions, Dkt. No. 37, is **DENIED**; and it is further

**ORDERED**, that Plaintiff's motion to amend, Dkt. No. 46, is **DENIED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2026 WL 875375

---

**Footnotes**

1       Plaintiff adds additional facts about the arrest in her response and Sur-Reply. Resp. at 1; Sur-Reply at 2. Parties are not permitted to plead new facts in response to a motion to dismiss, *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 657 (S.D.N.Y. 2024), and therefore, the Court cannot credit these allegations.

---

**End of Document**                                        © 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:26-cv-00849-LEK-MJK  Document 5  Filed 06/17/26  Page 17 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

2025 WL 1031371
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Kevin RODRIGUEZ, Plaintiff,

v.

WESTCHESTER COUNTY and Officer Bravado, Defendants.

23-cv-5265 (NSR)
|
Signed April 7, 2025

**Attorneys and Law Firms**

Kevin Rodriguez, Yonkers, NY, Pro Se.

Taryn Anita Chapman, Irma Wheatfield Cosgriff, Westchester County Attorney's Office, White Plains, NY, for Defendants.

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

 **\*1** *Pro se* Plaintiff Kevin Rodriguez ("Rodriguez or "Plaintiff") initiated this action on June 20, 2023 (ECF No. 1), alleging deprivation of rights under 42 U.S.C. § 1983, claiming Eighth Amendment violations for excessive force and for deliberate indifference to medical needs, against Defendant Westchester County ("Westchester") and Defendant Correction Officer Bravado (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

**BACKGROUND**

The following facts are derived from the Amended Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff Kevin Rodriguez is a former prisoner. (Am. Compl. p. 9.) Plaintiff alleges that during his incarceration on April 4, 2022, he was attacked by another prisoner and inappropriately restrained by a corrections officer. (*Id.*) Specifically, as Plaintiff was attempting to defend himself, Officer Bravado allegedly grabbed Plaintiff from behind, pulling Plaintiff's arm and swinging him in a circle, causing Plaintiff to fall and to suffer injury to his rotator cuff and lower back. (*Id.*) Plaintiff states that as a result of this, the attacking prisoner was able to assault Plaintiff further. (*Id.*) Plaintiff made several requests for medical attention but was initially denied an MRI of his lower back and denied a CT scan to his head. (*Id.*) Plaintiff was eventually approved for an MRI of his shoulder but did not receive approval for an MRI of his back. (*Id.*) Likewise, Plaintiff did not receive approval for a CT scan of his head. (*Id.*) When Plaintiff was approved for an MRI of his shoulder, he was transported to Garnet Medical Center instead of the Westchester Medical Center. (*Id.*) The MRI was only approved shortly before Plaintiff's scheduled release. (*Id.*) Plaintiff asserts that because of Officer Bravado's actions at the time of the attack and the medical facility's "neglect" and "inappropriate handling" of Plaintiff's injuries, Plaintiff has severe continual pain and continual injury to his back, shoulder, as

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 18 of 32

**Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)**

well as severe migraine headaches. (*Id.*) Plaintiff therefore seeks compensation for his injuries and raises § 1983 claims alleging deprivation of rights in violation of the Eighth Amendment.

## PROCEDURAL HISTORY

On June 20, 2023, Plaintiff commenced this action against the Defendants in his Complaint. (ECF No. 1). On October 3, 2024, the Court issued an Opinion and Order dismissing the Complaint's claims in its entirety, granting Plaintiff leave to file an Amended Complaint (Am. Compl.") (ECF No. 31). Then, on November 7, 2024, Plaintiff filed his Amended Complaint. (ECF No. 33). The Defendants filed their motion to dismiss and memorandum of law in support on December 20, 2024 ("Mot.") (ECF No. 35). Plaintiff filed his opposition to Defendants' motion on January 13, 2025 ("Opp.") (ECF No. 36). Defendants filed their reply in further support of their motion on February 13, 2025 ("Reply") (ECF No. 37).

## LEGAL STANDARD

### A. Rule 12(b)(6)

**\*2** Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at \*2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

### C. Law of the Case Doctrine

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 19 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

The law of the case doctrine "holds that when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). *See also In re Peters*, 642 F.3d 381 (2d Cir. 2011) (noting that while not binding the law-of-the-case doctrine counsels against a court revisiting prior rulings absent compelling reasons such as the need to correct a clear error or prevent manifest injustice); *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) (same).

### D. *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y. 2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013)). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

## DISCUSSION

**\*3** Plaintiff brings claims pursuant to § 1983, alleging Eighth Amendment violations. Plaintiff's Amended Complaint copies the initial Complaint verbatim; therefore, the Court only addresses the law of the case-doctrine and why dismissal of Plaintiff's claims is again appropriate.

### A. Law of the Case Doctrine and Plaintiff's Section 1983 Claims

This Court previously dismissed Plaintiff's Section 1983 Eighth Amendment claims as pled in Plaintiff's Complaint (ECF No. 1) in its October 3, 2024, Opinion and Order. (Doc. No. 31, Op. and Order, 10/3/24, pp. 5-6). Plaintiff's Amended Complaint is an exact copy of Plaintiff's initial Complaint, containing no new factual averments in support of Plaintiff's Eighth Amendment claims. (ECF No. 33.) Plaintiff's opposition to Defendants' motion is likewise unavailing, as it only contains conclusory language and accusations against the Defendants; the opposition, rather than offer new factual allegations to support the Amended Complaint's claims, only "request[s] that the court sanction the defendant's motion to dismiss ... as it has become a frivolous and repetitive aimed at delaying proceedings." (Opp. p. 3.)

The Amended Complaint has offered no new allegations that would serve as a "cogent and compelling" basis for the Court to deviate from its prior ruling dismissing Plaintiff's Section 1983 claims in its entirety. *Delville*, 23 F. Supp. 3d 414 at 425 Accordingly, the Court finds that Plaintiff's Amended Complaint and opposition papers remain deficient for reasons the Court articulated in its prior opinion. The Court therefore concludes that Plaintiff has not plausibly alleged viable Section 1983 claims against the Defendants and dismisses Plaintiff's Amended Complaint in its entirety without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss *pro se* Plaintiff's § 1983 claims without prejudice. *Pro se* Plaintiff is granted leave to file a Second Amended Complaint by June 3, 2025. *Pro se* Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the Amended Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Second Amended Complaint. *Pro se* Plaintiff is advised that if his Second Amended Complaint offers no new factual averments and merely copies, as his Amended Complaint did, his initial Complaint,

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 20 of 32

**Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)**

the Court will dismiss his claims with prejudice. Should Plaintiff file a Second Amended Complaint, the Defendants are directed to answer or otherwise respond by June 30, 2025.

If *Pro se* Plaintiff fails to file a Second Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.


Attachment A

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 21 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 22 of 32

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other:    _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City            State            Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other:    _____

Page 2

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 23 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State              Zip Code

Defendant 2:
_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State              Zip Code

Defendant 3:
_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State              Zip Code

Defendant 4:
_____

First Name          Last Name                    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                    State              Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 25 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

Page 5

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _____ | _____ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address
_____

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6

Attachment B

UNITED STATES DISTRICT COURT

Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

|  |  |
|---|---|
| Plaintiff(s), | **CIVIL CASE DISCOVERY PLAN** |
|  | **AND SCHEDULING ORDER** |

- against -

|  |  |
|---|---|
| Defendant(s). | _____ CV _____ (NSR) |

-----------------------------------------------------------------------X

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.  All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.  This case [is] [is not] to be tried to a jury.

3.  Joinder of additional parties must be accomplished by _____.

4.  Amended pleadings may be filed until _____.

Case 5:26-cv-00849-LEK-MJK     Document 5     Filed 06/17/26     Page 28 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

5.   Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.   First request for production of documents, if any, shall be served no later than _____.

7.   Non-expert depositions shall be completed by _____.

  a.   Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

  b.   Depositions shall proceed concurrently.

  c.   Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.   Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.   Requests to Admit, if any, shall be served no later than _____.

10.  Expert reports shall be served no later than _____.

11.  Rebuttal expert reports shall be served no later than _____.

12.  Expert depositions shall be completed by _____.

13.  Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.  **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 29 of 32

Rodriguez v. Westchester County, Not Reported in Fed. Supp. (2025)

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

_____

_____
Nelson S. Román, U.S. District Judge

**All Citations**

Not Reported in Fed. Supp., 2025 WL 1031371

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2026 WL 948316
Only the Westlaw citation is currently available.
**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**
United States Court of Appeals, Second Circuit.

Daro C. WEILBURG, Plaintiff-Appellant,

v.

Carla FITZGERALD, Clerk of the Oneida City Court, George D. Annas, Psychiatrist Contractor for the County of Madison, New York, M.D., Brendan Rigby, Officer of the Court, Attorney at Law, Defendants-Appellees.

25-976-cv
|
April 8, 2026

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on February 26, 2025, is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Daro C. Weilburg, pro se, Cicero, New York.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: JOSÉ A. CABRANES, JOSEPH F. BIANCO, ALISON J. NATHAN, Circuit Judges.

## SUMMARY ORDER

**\*1** Plaintiff-Appellant Daro C. Weilburg, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his claims under 42 U.S.C. §§ 1983 and 1985. Weilburg sued Defendants-Appellees Brendan Rigby (his court-appointed counsel), Carla Fitzgerald (Clerk of the Oneida City Court), and George D. Annas (a psychiatrist), alleging that they conspired to forge a psychological evaluation order and falsify a mental-health-evaluation report in his criminal proceedings in the Oneida City Court. The district court accepted the recommendation of the assigned magistrate judge to *sua sponte* dismiss Weilburg's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) [1] but granted Weilburg leave to amend certain claims. *See Weilburg v. Fitzgerald*, No. 5:24-CV-1189, 2024 WL 4713078 (N.D.N.Y. Oct. 8, 2024), *report and recommendation adopted*, No. 5:24-CV-1189, 2024 WL 4579057 (N.D.N.Y. Oct. 25, 2024). Weilburg filed an amended complaint against Rigby alone. The magistrate judge again recommended *sua sponte* dismissing the amended complaint, pursuant to Section 1915(e)(2)(B), for failure to state a claim. *See Weilburg v. Rigby*, No. 5:24-CV-1189, 2025 WL 625458, at \*3 (N.D.N.Y. Jan. 13, 2025), *report and recommendation adopted*, No. 5:24-CV-1189, 2025 WL 624956 (N.D.N.Y. Feb. 26, 2025). Weilburg requested and the district court granted an extension of time to file objections to the magistrate's second recommendation, but after Weilburg failed to meet that extended deadline, the district court adopted the recommendation and *sua sponte* dismissed the amended complaint

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 31 of 32

Weilburg v. Fitzgerald, Not Reported in Fed. Rptr. (2026)

without further leave to amend. *See Weilburg*, 2025 WL 624956, at *1. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm. [2]

"We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). Because Weilburg "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court correctly dismissed Weilburg's original complaint. First, Weilburg could not state a claim under the criminal statutes he cited, including 18 U.S.C. §§ 242 and 505, because those statutes have no private cause of action. *See, e.g., Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (holding that Section 242 does not provide a private cause of action); *see also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government.").

**\*2** Second, Weilburg's Section 1983 and Section 1985 claims also failed to state a claim. With respect to Fitzgerald (the court clerk) and Dr. Annas (the psychiatrist), the district court correctly concluded that they had absolute immunity from Weilburg's claims for damages. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Moreover, "[a] private actor may be afforded the absolute immunity ordinarily accorded judges performing their authorized judicial functions if the private actor's role is functionally comparable to the roles of those judges, or his acts are integrally related to an ongoing judicial proceeding." *Id.* at 210 (internal quotation marks and citations omitted). Here, Weilburg's allegations against Fitzgerald and Dr. Annas were "integrally related to an ongoing judicial proceeding" and therefore Fitzgerald and Dr. Annas had absolute immunity from suit. *Id.*

As to Rigby, Weilburg's court-appointed attorney, Weilburg failed to plausibly allege that Rigby was a state actor for purposes of Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Nor did Weilburg plausibly allege that Rigby "acted in concert with [a] state actor to commit an unconstitutional act." *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citation omitted). Although Weilburg made conclusory allegations of concerted action, such allegations are insufficient to survive a motion to dismiss. *See id.* ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a [Section] 1983 claim against the private entity.").

For similar reasons, the original complaint failed to plausibly allege that Rigby conspired with Fitzgerald and Dr. Annas to deprive him of his rights under Section 1985. As we have explained, "[i]n order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks and citation omitted). Here, Weilburg's conclusory assertions that Rigby, Fitzgerald, and Dr. Annas conspired to forge documents, submit a false mental-health examination, and commit fraud upon the court failed to plausibly allege a conspiracy or "a meeting of the minds." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

With respect to the dismissal of his amended complaint, Weilburg has waived appellate review. "[T]he rule in this circuit is that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (internal quotation marks and citation omitted). This rule applies to *pro se* litigants, provided that the report and recommendation "explicitly states that failure to object ... will preclude appellate review," and cites to the relevant statute and Federal Rules of Civil Procedure. *Id.* (internal quotation marks and citation omitted).

Here, the report and recommendation recommending dismissal of Weilburg's amended complaint provided the required notice to Weilburg. However, even after the district court granted Weilburg's request to extend his deadline to object by several weeks, Weilburg still failed to timely object. He did not file objections until more than a week after the extended deadline had passed,

Case 5:26-cv-00849-LEK-MJK    Document 5    Filed 06/17/26    Page 32 of 32

**Weilburg v. Fitzgerald, Not Reported in Fed. Rptr. (2026)**

and after the district court had already dismissed his amended complaint and entered judgment. Therefore, Weilburg has waived appellate review of the dismissal of his amended complaint. *See id.* at 89. [3]

**\*3** \* \* \*

We have considered Weilburg's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2026 WL 948316

---

**Footnotes**

1      28 U.S.C. § 1915(e)(2)(B) provides that the court shall dismiss the case of a prisoner proceeding *pro se* and *in forma pauperis* at any time if the court determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2      We deny Weilburg's motion for leave to file exhibits. *See* Fed. R. App. P. 10(a)(1), (e)(2); *Loria v. Gorman,* 306 F.3d 1271, 1280 n.2 (2d Cir. 2002). We deny as moot Weilburg's motion for leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b) in the district court.

3      Although this Court may excuse Weilburg's waiver in the interest of justice, *see id.*, we discern no basis in the record to do so here because Weilburg does not raise any meritorious challenges to the dismissal of his amended complaint.

---

**End of Document**                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.